```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

**VS.**                                              **CRIMINAL NO. 3:05-cr-30-WHB**

**DARRELL O'BANNER**

## OPINION AND ORDER

This cause is before the Court on the Motions of Defendant, Darrell O'Banner ("O'Banner") for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

On May 9, 2005, O'Banner pleaded guilty to one count of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On July 28, 2005, O'Banner was sentenced to a 92-month term of imprisonment, to be followed by 5 years of supervised release, and was ordered to pay a partial fine in the amount of $1,500 and a special assessment in the amount of $100. O'Banner's sentence was calculated from a base offense level of 30. He was granted a 3-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 resulting in a total offense level of 27. The total offense level, combined with a Criminal History Category III, resulted in a sentencing guideline range between 87 and 108 months. O'Banner has now moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on recent changes to U.S.S.G. § 2D1.1, specifically Amendment 706

(as amended by Amendment 711), which lowers the sentencing range for certain cocaine base-related offenses.[1]

>Under 18 U.S.C. § 3582:
>
>The court may not modify a term of imprisonment once it has been imposed except that –
>
>    ....
>
>in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994)). When exercising his discretion, the district judge must "consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." Id. (citing U.S.S.G. § 1B1.10(b)). Specifically, U.S.S.G. § 1B1.10 provides:

---

[1] Two motions for reduction in sentence have been filed in this case. The first was filed by O'Banner *pro se* on March 5, 2008. The second was filed on O'Banner's behalf by Federal Public Defender George Lucas on April 1, 2008.

2

>   (b) Determination of Reduction in Term of Imprisonment.
>
>   (1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). In the present case, had the amended Sentencing Guidelines been applicable at the time O'Banner was sentenced, his base offense level would be 28, his total offense level (allowing the 3-level downward departure for acceptance of responsibility) would be 25, and his sentencing guideline range would be 70-87 months.

When determining whether to reduce a sentence under 18 U.S.C. § 3582(c)(2), the Court must also consider the factors set forth in 18 U.S.C. § 3553(a), which include:

>   the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct.

Whitebird, 55 F.3d at 1009 (citing 18 U.S.C. § 3553(a)). See also U.S.S.G. § 1B1.10 cmt. 1(B)(i). Finally, the Court is instructed to consider "the nature and seriousness of the danger to any person

3

or the community that may be posed by a reduction in the defendant's term of imprisonment" and the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  U.S.S.G. § 1B1.10 cmt. 1(B)(ii) & (iii).

The Court, having considered the factors enumerated in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 cmt. 1(B)(i)-(iii) in light of the pleadings and record in this case, finds that O'Banner's current sentence should be reduced under 18 U.S.C. § 3582(c)(2). As discussed above, the amended guideline range in this case is 70-87 months.  O'Banner will be re-sentenced to a term of imprisonment of 74 months.  This Opinion and Order does not affect the remainder of the Judgment entered in this case on August 9, 2005.

## Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motions for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket Nos. 22 and 23] are hereby granted.

IT IS FURTHER ORDERED that an Amended Judgment shall be entered in this case reducing Defendant's term of imprisonment to 74 months.  There shall be no other changes to the original Judgment entered in this case.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to Defendant at his last known address.

4

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to the United States Department of Probation for the Southern District of Mississippi.

SO ORDERED this the 25th day of June, 2008.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE